**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-5078**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNEST ROBERTS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-03-369)

———————

Submitted:  April 16, 2007                Decided:  May 29, 2007

———————

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Fred Warren Bennett, BENNETT & BAIR, LLP, Greenbelt, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Andrea L. Smith, Paul M. Tiao, Assistant United States Attorneys, Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Roberts appeals his convictions for one count of conspiracy to distribute and possess with intent to distribute crack cocaine, cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and one count of conspiracy to possess with intent to distribute marijuana, in violation of § 841(a)(1), (b)(1)(A). Roberts claims the district court abused its discretion in denying the motion to sever the charges for trial, abused its discretion in denying the motion for a mistrial based on possible contact between a juror and Roberts' relative, abused its discretion in denying the motion for a mistrial based on an officer's testimony regarding Roberts' involvement selling marijuana prior to the dates of the marijuana conspiracy and erred in denying the motion to suppress the fruits of the wiretap surveillance. Roberts also argues the evidence was insufficient to support the marijuana conspiracy conviction. Finding no error, we affirm.

Joinder of offenses is the rule, not the exception, and a trial judge's decision to deny a motion to sever should only be overturned upon a "showing of clear prejudice or abuse of discretion." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995) (citation omitted). We find Roberts failed to make a sufficient showing of prejudice. The evidence supporting each charge was distinct and of different natures. We fail to see how

the jury could have been confused.  There is no evidence the joinder prevented Roberts from presenting a defense.  Because of the court's instruction it is unlikely the jury found Roberts guilty of both charges because of a finding that he had a criminal disposition.  See United States v. Goldman, 750 F.2d 1221, 1225 (4th Cir. 1984).

We further find the district court did not abuse its discretion in denying the motion for a mistrial based upon contact between a juror and Roberts' mother.  Neither this juror, nor any juror who heard about the contact, expressed any reservations as to their ability to be impartial in reaching a verdict.  We also find the court did not abuse its discretion in denying a mistrial motion based on a law enforcement agent's testimony regarding Roberts' involvement in selling marijuana several years prior to the dates in the indictment.  The jury was made aware of Roberts' involvement in selling marijuana prior to the challenged testimony.  In addition, the court instructed the jury to disregard the testimony.

We also find the court did not abuse its discretion in denying the motion to suppress evidence from the wiretap.  See United States v. Oriakhi, 57 F.3d 1290, 1298 (4th Cir. 1995).  The Government showed that traditional evidence gathering methods were losing steam and becoming dangerous.

Finally, we find the evidence was more than sufficient to support the marijuana conviction.  See <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942)

Accordingly, we affirm the convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>